UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:13-CV-00318-TBR

BETHENY GREEN and                                                                 Plaintiffs
RICHARD MICHAELS

v.

WOODHAVEN COUNTY CLUB, INC.                               Defendant

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant Woodhaven County Club, Inc.'s Motion to Dismiss. (Docket No. 5.) Plaintiffs Betheny Green and Richard Michaels have responded. (Docket No. 8.) Defendant has replied. (Docket No. 9.) This matter is now fully briefed and ripe for adjudication. For the following reasons and consistent with the below opinion, the Court will **GRANT in part** and **DENY in part** Defendant's Motion to Dismiss.

STANDARD

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a claim or case because the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b). When considering a Rule 12(b)(6) motion to dismiss, the court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning*

*Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). A complaint should contain enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged - but has not 'show[n]' - 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

## DISCUSSION

Plaintiffs' Complaint, (Docket No. 1), has two counts. Count One alleges discrimination and retaliation in response to Plaintiffs exercising their rights under the

Family and Medical Leave Act (FMLA). Count Two alleges disability discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112, and the Kentucky Civil Rights Act (KCRA), Ky. Rev. Stat. (KRS) § 344.040. Defendant has not moved to dismiss Count One of Plaintiffs' Complaint; instead Defendant's Motion to Dismiss, (Docket No. 5), focuses exclusively on Count Two. Therefore, Plaintiffs' claims under Count One of the Complaint will remain.

Defendant raises three arguments for why the Court should dismiss Plaintiffs' claims under Count Two for disability discrimination. First, Defendant argues that the Court lacks subject matter jurisdiction because Plaintiffs have failed to exhaust their administrative remedies. Second, Defendant argues that Plaintiffs' claims under Count Two are time-barred. Third, Defendant argues that Plaintiffs' physical impairments, as alleged, do not constitute a disability as a matter of law as defined by KRS § 344.

ADA Claims

Plaintiff concedes that claimants asserting violation of the ADA must file an Equal Employment Opportunity Commission (EEOC) charge in order to establish relief under that federal statute. In their response, Plaintiffs state, "Insofar as Plaintiffs' Complaint prays for relief for violations of the ADA, Plaintiff hereby voluntarily remands these requests." (Docket No. 8, Page 4.) Accordingly, the Court will **GRANT** Defendant's Motion to Dismiss as to claims asserted for violation of the ADA.

KCRA Claims

The Court finds Plaintiffs have properly alleged facts making their claims of disability discrimination plausible. "In order to establish a prima facie case of

discrimination based on a disability, the plaintiff must show: (1) that he had a disability as that term is used under the statute; (2) that he was 'otherwise qualified' to perform the requirements of the job, with or without reasonable accommodation; and (3) that he suffered an adverse employment decision because of the disability." *Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 706-07 (Ky. Ct. App. 2004) (citations omitted). In interpreting the KCRA, Kentucky courts look to federal precedent interpreting federal civil rights statues such as the ADA. *Howard Baer, Inc. v. Schave*, 127 S.W.3d 589, 591-92 (Ky. 2003) (noting that "[t]he Kentucky Civil Rights Act was modeled after federal law, and our courts have interpreted the Kentucky Act consistently therewith" to conclude "we deem it appropriate to follow federal precedent"); *Hallahan*, 138 S.W.3d at 705 ("Given similar language and the stated purpose of KRS Chapter 344 to embody the federal civil rights statutes, including the Americans with Disabilities Act (ADA), this court may look to federal case law in interpreting the Kentucky Civil Rights Act with respect to Hallahan's claim of disability discrimination under KRS 344.040.").

1. Disability as That Term is Used Under the Statute

    Kentucky Revised Statute § 344.010(4) defines "disability" as:

    (a) A physical or mental impairment that substantially limits one (1) or more of the major life activities of the individual;
    (b) A record of such an impairment; or
    (c) Being regarded as having such an impairment.

The term "substantially limits" is to "be construed broadly in favor of expansive coverage" and is "not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1). An impairment is a disability if it "substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." *Id.*

However, it "need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting." *Id.* The nature and severity of the impairment, the duration or expected duration of the impairment, and the permanent or long-term impact or expected permanent or long-term impact of or resulting from the impairment are factors to be considered in determining whether an individual is substantially limited in a major life activity. *Howard Baer,* 127 S.W.3d at 593. "Examples of 'major life activities include, among other things, walking, seeing, hearing, performing manual tasks, caring for oneself, speaking, breathing, learning, and working.'" *Brown v. Humana Ins. Co.*, 942 F. Supp. 2d 723 (W.D. Ky. 2013) (citation omitted).

Kentucky Revised Statute § 344.030, defines a "qualified individual with a disability" as follows:

> "Qualified individual with a disability" means an individual with a disability as defined in KRS 344.010 who, with or without reasonable accommodation, can perform the essential functions of the employment position that the individual holds or desires unless an employer demonstrates that he is unable to reasonably accommodate an employee's or prospective employee's disability without undue hardship on the conduct of the employers' business. Consideration shall be given to the employer's judgment as to what functions of a job are essential, and if an employer has prepared a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job.

Finally, KRS § 344.040(1)(a) makes it unlawful for an employer to discriminate against a qualified individual with a disability:

> (1) It is an unlawful practice for an employer:
>    (a) To fail or refuse to hire, or to discharge any individual, or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of

> employment, because of the individual's race, color, religion, national origin, sex, age forty (40) and over, because the person is a qualified individual with a disability, or because the individual is a smoker or nonsmoker, as long as the person complies with any workplace policy concerning smoking;

Defendant argues Plaintiffs' allegations cannot support a finding that either Plaintiff has an "impairment that substantially limits" a "major life activity" as defined by KRS §§ 344.010 and 344.030. Specifically, Defendant argues Plaintiffs' claims are merely conclusory statements and "formulaic recitations" of the elements within the disability definition, which is insufficient to meet the pleading standards of Fed. R. Civ. P. 8(a). Plaintiffs claim there is substantial statutory and judicial precedent establishing their alleged physical impairments as substantially limiting major life activities and, therefore, as statutory disabilities. Accordingly, Plaintiffs claim that their Complaint properly alleges facts upon which the Court may draw a plausible inference as to Defendant's liability.

(a) Plaintiff Green

Green was a salaried Woodhaven Country Club manager responsible for marketing. (Docket No. 1, ¶ 11.) Plaintiffs make the following allegations with respect to Green's alleged disability:

> Both Plaintiffs suffer from a physical impairment that substantially limits one or more major life activities, have a record of such impairment, and were regarded and perceived by Defendant as having such an impairment.
>
> Plaintiff Green suffers from debilitating endometriosis which have required at least 12 prior gynecological surgeries in the last 17 years.

> That on or around July, 2012, Plaintiff Green was informed by her doctor that she would need to undergo a hysterectomy as a result of her medical history of significant endometriosis and two leaking cysts. The surgery was scheduled for August 9, 2012, and Plaintiff Green informed every member of Woodhaven's management team of the date of the upcoming procedure and the necessity of six weeks of recovery time, a period in which she would be unable to work.
>
> That immediately after learning of the need for extended time off to address her serious medical condition and physical impairment, Chance Maguire, Woodhaven's general manager and Plaintiff Green's direct supervisor, began to treat her much differently and much more negatively then he had immediately prior to learning of her medical condition. For instance, Mr. Maguire stopped responding to any of Ms. Green's emails and discontinued their weekly meeting, which had been ongoing throughout Plaintiff's employment, without explanation.
>
> On or about August 7, 2012, two days before the scheduled surgery, Mr. Maguire informed Plaintiff Green that her employment was terminated due to the upcoming procedure and because he didn't know how long Ms. Green would be off work and that someone needed to do her job. When Plaintiff Green objected to this decision and her unfair treatment, Mr. Maguire shouted "you're fired!"

(Docket No. 1, ¶¶ 9, 12, 13, 15.) Defendant argues that under the disability definition in § 344.010 "the plaintiff must identify one or more appropriate major life activities; and plaintiff must show that the impairment substantially limits one or more of those activities." *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1129 (10th Cir. 2003). Defendant argues Plaintiff Green has not alleged an impairment of a major life activity other than through bare, conclusory allegations.

    The Court notes Plaintiff Green did not explicitly identify a particular major life activity substantially limited by her impairment; however in Plaintiffs' Response to Defendant's Motion to Dismiss she made clear the major life activity alleged to be

substantially limited is "working." Defendant correctly points out that Green did not make any allegations concerning how the impairment substantially limits her ability to work as compared to most people in the general population. *See* 29 C.F.R. § 1630.2(j)(1). However, given the precedent[1] indicating that gynecological problems can be considered statutory disabilities because they can be so painful as to limit a woman's ability to engage in major life activities such as walking and working, and that Green pleaded her particular endometriosis was "debilitating," the Court finds a "reasonable inference" can be drawn that Green's ability to work is substantially limited as compared to most people in the general population.[2] While Defendant makes reasonable arguments in support of the notion that Green's alleged impairment did not "substantially limit a major life activity," these arguments are more appropriate for a motion for summary judgment and they do not make Green's allegation of a substantial limitation implausible.[3]

In making this finding, the Court notes Plaintiff Green has pleaded that she suffers from "debilitating" endometriosis that has required "at least 12 prior gynecological surgeries" in the last 17 years and that she was treated differently and fired shortly after informing Defendant of having to undergo a hysterectomy. Given these detailed allegations, the Court finds the inference that her ability to work is

---

[1] "There are numerous disorders of the reproductive system, such as dysmenorrhea and endometriosis, which are so painful that they limit a woman's ability to engage in major life activities such as walking and working." *Bragdon v. Abbott*, 524 U.S. 624, 660 (1998).

[2] Defendant argues that Ms. Green was working at all relevant times and therefore a claim that her multiple gynecological procedures affected her ability to work is illogical. However, an impairment "need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting." 29 C.F.R. § 1630.2(j)(1). Furthermore, this assertion does not take into account her hysterectomy which forced her to take over six weeks off—allegedly resulting in her firing.

[3] The fact that every case cited by Defendant involved a motion for summary judgment, as opposed to a motion to dismiss, although not determinative, supports this conclusion.

substantially limited as compared to most people in the general population is reasonable. Accordingly, the Court finds Plaintiff Green has adequately pled a plausible claim of disability under KRS § 344.010(4)(a).

           (b) Plaintiff Michaels

Michaels was a salaried Woodhaven Country Club manager responsible for the bar area and social events. (Docket No. 1, ¶ 16.) Michaels alleges that he had knee surgery "on March 1, 2012, and afterwards Plaintiff Michaels was unable to walk."[4] (Docket No. 1, ¶ 17.) He states he informed his direct supervisor of the need to have this orthopedic surgery to address a knee injury. Michaels further alleges that a few days into his recovery he received constant phone calls from Woodhaven employees regarding various and escalating problems at Woodhaven as a result of his absence and the inability of the newly hired assistant manager to operate the bar. Subsequently, his direct supervisor, Chance Maguire, phoned him complaining that the bar was beginning to fall apart. Michaels offered to return to work in a wheelchair or crutches, but Maguire rejected this offer and stated Woodhaven would have to hire a new manager to replace Michaels.[5] (Docket No. 1, ¶ 17, 18, 19.)

Defendant argues that Michaels has not alleged an impairment of a major life activity other than through bare, conclusory allegations. As with Green's alleged impairment, there is precedent accepting knee injuries as disabilities that substantially limit such major life activities as walking, standing, and lifting. *See, e.g., Manigan v.*

---

[4] Defendant asserted that Plaintiff Michaels merely alleged he had trouble walking. The Complaint does generally state that "Plaintiff Michaels previously sustained a knee injury which has resulted in multiple surgical procedures and limited his ability to walk," but it also alleges he was unable to walk following the most recent knee surgery. (Docket No. 1, ¶ 9.)

[5] Michaels also states that Maguire said he would "consider giving him some bartending shifts after he recovered." (Docket No. 1, ¶ 19.)

*Sw. Ohio Reg'l Transit Auth.*, 385 Fed. App'x 472, 475 n. 4 (6th Cir. 2010); *Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1107 (6th Cir. 2008). Furthermore, it is clear that walking constitutes a major life activity and that Michaels alleges his knee injuries substantially limited that activity.

Defendant also argues that Michaels has not made any allegations concerning how he is substantially limited in walking as compared to the average person. However, Michaels has in fact alleged his knee surgery left him "unable" to walk. The inability to walk would inherently be a substantial limitation as compared to the average person. In any event, even if his impairment only "limited" his ability to walk, the Court believes it is a reasonable inference that this substantially limited him in comparison to the average person. Accordingly, the Court finds Michaels has adequately pleaded a plausible claim of disability under § 344.010(4)(a).

(c) KRS § 344.010(4)(c)

The Court notes that Plaintiffs have alleged they are disabled under each of the three prongs which define "disability" under KRS § 344.010(4). Even if the Court found the pleading was insufficient to establish a plausible claim of a disability that substantially limited a major life activity, Plaintiffs still have pleaded they are disabled under § 344.010(4)(c) because their employers regarded them as having such an impairment. Plaintiffs have pled Defendant's general manager treated them differently and/or terminated them shortly after they informed him of having to undergo surgery because of their physical impairments. As a result, the Court finds Plaintiffs have properly pleaded facially plausible allegations that Defendant regarded them as disabled and terminated them as a result.

2. <u>Otherwise Qualified to Perform Requirements of Jobs With or Without Reasonable Accommodation</u>

Defendant argues the Complaint fails to establish a prima facie case of disability discrimination because Plaintiffs have not alleged they were "otherwise qualified" to perform the requirements of their job at Woodhaven. While true that Plaintiffs did not expressly state they were "otherwise qualified" to perform the requirements of their jobs at Woodhaven, the Court finds implicit in the references to "recovery" time, (Docket No. 1,¶ 12, 15, 18), that subsequent to their recovery they would have been "otherwise qualified" to perform the requirements of their jobs.

The Court also notes that Green alleges her supervisor "began to treat her much differently and much more negatively than he had immediately prior to learning of her medical condition." (Docket No. 1, ¶ 13.) This different treatment was during the time Green was still working and therefore was presumably "otherwise qualified" to perform her job. Furthermore, Michaels has alleged he offered to return to work in a wheelchair or crutches and that this offer was rejected. (Docket No. 1, ¶ 19.) Accordingly, the Court finds Plaintiffs have properly pleaded facially plausible allegations that Plaintiffs were otherwise qualified to perform the requirements of their jobs with or without reasonable accommodation.

3. <u>Suffering of an Adverse Employment Decision</u>

Defendant does not dispute that Plaintiffs have pleaded they suffered adverse employment decisions. Both Plaintiffs allege they were fired as a result of their disabilities. Accordingly, the Court finds Plaintiffs have properly pleaded facially plausible allegations that they suffered adverse employment decisions, as is required for a prima facie case for disability discrimination. Plaintiffs have properly pleaded the

three requirements for a prima facie case of disability discrimination. Accordingly, Plaintiffs' claims of disability discrimination under KRS § 344 are plausible and Defendant's Motion to Dismiss will be **DENIED** as to these claims.

CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that Defendant Woodhaven Country Club, Inc.'s Motion to Dismiss, (Docket No. 5), is **GRANTED in part** and **DENIED in part**, as follows:

(1) Defendant's Motion to Dismiss is **GRANTED** as to claims asserted for violation of the ADA in Count II; and

(2) Defendant's Motion to Dismiss is **DENIED** as to claims of disability discrimination under Kentucky Revised Statute § 344.


IT IS SO ORDERED.

Date:


cc: Counsel